IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-6217 |
| | : | |
| HOFFMAN INSURANCE, *et al.*, | : | |
|     Respondents. | : | |

#### MEMORANDUM

**SCHMEHL, J.** /s/ JLS                                                                                                                          **JANUARY 4, 2021**

       This matter comes before the Court by way of a Petition for Special Relief (ECF No. 2) filed by Petitioner Jimi Rose, proceeding *pro se*. Also before the Court is Rose's Application to Proceed *In Forma Pauperis* (ECF No. 1). Because it appears that Rose is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Petition for Special Relief will be denied without prejudice to Rose's right to pursue such relief in *Rose v. Hoffman Insurance Consultants, LLC, et al.*, Civ. A. No. 16-2225 before the Honorable Joel L. Slomsky.

**I.    PROCEDURAL HISTORY**

       On May 6, 2016, Rose, a regular litigant in this Court, initiated a civil against the four named Respondents in this matter, among others, relating to a fire at 2327 Hanover Avenue in Allentown, Pennsylvania, a property owned by Rose and leased to Respondent Husenaj. *See Rose v. Hoffman Ins. Consultants, LLC*, Civ. A. No. 16-2225, 2018 WL 3454930, at *1 (E.D. Pa. July 18, 2018), *aff'd*, 18-2736, 2019 WL 451277 (3d Cir. Jan. 30, 2019). After the fire damaged the property, Respondent Hoffman Insurance refused to pay the claim on the property because it believed Rose set the fire. *Id.* By Opinion and Order entered on July 18, 2018, the Honorable

Joel H. Slomsky dismissed Rose's third amended complaint in the 2016 litigation pursuant to Federal Rule of Civil Procedure 12(b)(6) and denied leave to amend. *Id.* at \*5-\*6. Rose appealed Judge Slomsky's ruling, and by Order dated January 30, 2019, the United States Court of Appeals for the Third Circuit summarily affirmed the July 18, 2018 Opinion and Order. *Rose v. Hoffman Ins. Consultants, LLC,* App. No. 18-2736, 2019 WL 451277, at \*1 (3d Cir. Jan. 30, 2019). Rose subsequently sought post-judgment relief, including relief under Federal Rule of Civil Procedure 60(b), which all of which Judge Slomsky denied, and the Third Circuit affirmed on appeal. (*See* ECF Nos. 168, 173 in Civ. A. No. 16-2225.)

On October 1, 2020, just days after the Third Circuit affirmed Judge Slomsky's denial of post-judgment relief in Rose's 2016 litigation, Rose filed a "Motion for Special Relief Pursuant to Manifest Injustice Due to This Honorable Court's Ruling on the 18th day of July, 2018" before Judge Slomsky in the 2016 matter. (ECF No. 174 in Civ. A. No. 16-2225.) Opposition to that motion was filed on October 15, 2020. (ECF No. 174 in Civ. A. No. 16-2225.) Rose's Motion for Special Relief remains pending before Judge Slomsky at this time. Approximately two months after his filing before Judge Slomsky, Rose submitted an Application to Proceed *In Forma Pauperis* and the Petition for Special Relief now pending before this Court.

## II. DISCUSSION

The Court will grant Rose leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence a civil action. The Court has reviewed Rose's Petition for Special Relief, and it is clear the Rose seeks relief from Judge Slomsky's July 18, 2018 Opinion and Order in the 2016 litigation. However, this Court does not possess the authority to revoke or alter an order issued by a federal judge in another federal proceeding. *See Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012) ("The structure of the federal courts

does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction."). Accordingly, any relief sought in the Petition (ECF No. 2) must be denied without prejudice to Rose's rights to seek such relief before Judge Slomsky in the 2016 litigation – the action wherein the Order he seeks relief from was entered.  Additionally, even liberally construed, Rose's Petition does not set forth a legal basis to maintain a separate civil action before this Court.  Rose Petition represents another attempt by Rose to seek post-judgment relief in the hope of changing the outcome of the 2016 litigation.  As there is no basis for any continued proceedings in this case, the Clerk will be directed to close this matter.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Rose leave to proceed *in forma pauperis* and deny his Petition for Special Relief without prejudice to his right to pursue post-judgment relief before Judge Slomsky in the 2016 litigation.  *See Rose v. Hoffman Insurance Consultants, LLC, et al.*, Civ. A. No. 16-2225.  An appropriate Order follows.

                BY THE COURT:

                **/s/ Jeffrey L. Schmehl**
                **JEFFREY L. SCHMEHL, J.**