IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-6217 |
| | : | |
| HOFFMAN INSURANCE, *et al.*, | : | |
|     Respondents. | : | |

## MEMORANDUM

**SCHMEHL, J.**　　/s/ JLS　　　　　　　　　　　　　　　　　　**March 1, 2021**

This matter comes before the Court by way of a Motion for Reconsideration (ECF #6) and a second Application to Proceed *In Forma Pauperis* (ECF #7) filed by Petitioner Jimi Rose, proceeding *pro se*. Also before the Court is letter from Rose dated January 15, 2021 (ECF #8). Because the Court previously determined that Rose is unable to afford to pay the filing fee and granted him leave to proceed *in forma pauperis* by Order dated January 4, 2021 (ECF #5), the Court will deny his most recent Application to Proceed *In Forma Pauperis* (ECF #7) as moot. For the following reasons, Rose's Motion for Reconsideration will be denied.

**I.　　PROCEDURAL HISTORY**

By Memorandum and Order dated January 4, 2021, this Court previously denied the Petition for Special Relief that Rose filed in this matter without prejudice to Rose's right to pursue such relief in *Rose v. Hoffman Insurance Consultants, LLC, et al.*, Civ. A. No. 16-2225 before the Honorable Joel H. Slomsky. As this Court explained,

> On May 6, 2016, Rose, a regular litigant in this Court, initiated a civil against the four named Respondents in this matter, among others, relating to a fire at 2327 Hanover Avenue in Allentown, Pennsylvania, a property owned by Rose and leased to Respondent Husenaj. *See Rose v. Hoffman Ins. Consultants, LLC*, Civ. A. No. 16-2225, 2018 WL 3454930, at *1 (E.D.

1

> Pa. July 18, 2018), *aff'd*, 18-2736, 2019 WL 451277 (3d Cir. Jan. 30, 2019). After the fire damaged the property, Respondent Hoffman Insurance refused to pay the claim on the property because it believed Rose set the fire. *Id.* By Opinion and Order entered on July 18, 2018, the Honorable Joel H. Slomsky dismissed Rose's third amended complaint in the 2016 litigation pursuant to Federal Rule of Civil Procedure 12(b)(6) and denied leave to amend. *Id.* at \*5-\*6. Rose appealed Judge Slomsky's ruling, and by Order dated January 30, 2019, the United States Court of Appeals for the Third Circuit summarily affirmed the July 18, 2018 Opinion and Order. *Rose v. Hoffman Ins. Consultants, LLC,* App. No. 18-2736, 2019 WL 451277, at \*1 (3d Cir. Jan. 30, 2019). Rose subsequently sought post-judgment relief, including relief under Federal Rule of Civil Procedure 60(b), . . . all of which Judge Slomsky denied, and the Third Circuit affirmed on appeal. (*See* ECF Nos. 168, 173 in Civ. A. No. 16-2225.)
>
> On October 1, 2020, just days after the Third Circuit affirmed Judge Slomsky's denial of post-judgment relief in Rose's 2016 litigation, Rose filed a "Motion for Special Relief Pursuant to Manifest Injustice Due to This Honorable Court's Ruling on the 18th day of July, 2018" before Judge Slomsky in the 2016 matter. (ECF No. 174 in Civ. A. No. 16-2225.) Opposition to that motion was filed on October 15, 2020. (ECF No. 174 in Civ. A. No. 16-2225.)

(Memorandum, ECF #4 at 1-2.) In the January 4, 2021 Memorandum, this Court noted that Rose's Motion for Special Relief was still pending before Judge Slomsky in the 2016 litigation. (*Id.* at 2).

Two months Rose after sought relief from Judge Slomsky, he initiated this action and submitted his Petition for Special Relief (ECF #2) which clearly sought relief from Judge Slomsky's July 18, 2018 Opinion and Order in the 2016 litigation. In the January 4, 2021 Memorandum, this Court denied Rose's Petition, explaining that:

> this Court does not possess the authority to revoke or alter an order issued by a federal judge in another federal proceeding. *See Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction."). Accordingly, any relief sought in the Petition (ECF #2) must be denied without prejudice to Rose's rights to seek such relief before Judge Slomsky in the 2016 litigation – the action wherein the Order he seeks relief from was entered.

(Memorandum, ECF #4 at 2-3.)  The Court also noted that "even liberally construed, Rose's Petition [did] not set forth a legal basis to maintain a separate civil action" and simply represented "another attempt by Rose to seek post-judgment relief in the hope of changing the outcome of the 2016 litigation." (*Id.* at 3.)

**II.     DISCUSSION**

Rose previously sought leave to proceed *in forma pauperis* in this action.  (*See* ECF #1.) By Order dated January 4, 2021, the Court determined that Rose was not able to afford to pay the filing fee in this action and granted him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (*See* ECF #5.)  Because Rose's most recent Application to Proceed *In Forma Pauperis* (ECF #7) seeks relief the Court has already granted, the Application will be denied as moot.

Also before the Court is Rose's Motion for Reconsideration (ECF #6).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).  Accordingly, a party seeking reconsideration must establish, "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [at the time of the Court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere disagreement with the Court's decision is insufficient to warrant reconsideration. *See Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011).

Here, Rose has failed to meet the standard for reconsideration.  His Motion for Reconsideration does not take issue with this Court's prior determination that it lacks the authority to revoke Judge Slomsky's prior orders.  Rather, Rose's Motion for Reconsideration again essentially just seeks relief from the July 18, 2018 Opinion and Order Judge Slomsky

entered in the 2016 litigation. As previously explained to Rose, this Court does not possess the authority to revoke or alter an order issued by a federal judge in another federal proceeding. *See Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction."). As was the case at the time of the January 4, 2021 Memorandum and Order, this Court cannot revoke or alter Judge Slomsky's orders in the 2016 litigation, and Rose's Motion for Special Relief (ECF No. 174 in Civ. A. No. 16-2225) seeking that same relief remains pending for consideration before Judge Slomsky at this time. Accordingly, there is no basis for the Court to grant Rose's Motion for Reconsideration and it will be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Rose's Application to Proceed *In Forma Pauperis* as moot and deny his Motion for Reconsideration. An appropriate Order follows.